IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARTHA SIMMONS,** | * | |
| **Plaintiff,** | * | |
| v. | * | **Civ. No. JKB-23-1951** |
| **TRANSUNION, LLC, et al.,** | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Before the Court is Defendants' Joint Motion to Dismiss. (ECF No. 22.) The Motion will be granted in part and denied in part. As explained in more detail below, Plaintiff's § 1681e claims based on alleged credit report inaccuracies discovered by the Plaintiff more than two years before the filing of the Complaint and claims related to two of the listed accounts will be dismissed. In all other respects the Motion will be denied. A separate Order will issue.

### I. BACKGROUND

Plaintiff Martha Simmons filed her Complaint on July 24, 2023. (ECF No. 1.) Plaintiff alleges that the Defendants, Trans Union, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc., have violated the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*, the "FCRA"). (ECF No. 1 ¶ 2.) Her allegations, which are presented in the light most favorable to the Plaintiff and taken as true if well-pled, are as follows. *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

Plaintiff contends that the Defendants "prepared and issued credit reports concerning the Plaintiff that included information" relating to six accounts (Credit First, C&F Finance, Credit

Acceptance, Point Breeze Credit Union, Southwest Credit System, and Receivables Management Systems), and that the information in the reports regarding these accounts was inaccurate. (ECF No. 1 ¶15–17.) She explains that the Defendants showed erroneous past due balances for Credit First, C&F Finance, Credit Acceptance, and Point Breeze. (*Id.* ¶ 27, 47, 67.) She further explains that Defendants "failed to provide proof as to account verification or verify" the Southwest Credit Systems and Receivable Management Systems accounts. (*Id.*) Plaintiff contends that the Defendants violated 15 U.S.C. § 1681e by failing "to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of a credit report." (*Id.* ¶ 26, 46, 66.)

On or about June 28, 2021, Plaintiff notified the Defendants about the disputed accuracy. (*Id.* ¶ 18.) The Defendants "did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed account was inaccurate." (*Id.* ¶ 20.) Further, the Defendants "continued to publish and disseminate such inaccurate information to other parties, persons, entities and credit grantors." (*Id.* ¶ 22.) Plaintiff contends that this failure to respond to her dispute is a violation of 15 U.S.C. § 1681i(a)(1)(A). (*Id.* ¶ 21.)

As a result of the Defendants' alleged negligent and willful violations of the FCRA, Plaintiff "has suffered concrete harm in the form of a loss of credit, loss of ability to purchase and benefit from credit, a negative effect on applications for future credit, and mental and emotional pain, anguish, humiliation and embarrassment of credit denial." (*Id.* ¶ 23.) She seeks actual damages, costs, attorney's fees, punitive damages, statutory damages, and any other relief deemed just and proper. (*Id.* ¶ 30–33, 39–42, 50–53, 60–63, 69–72, 80–83.)

Defendants have jointly moved to dismiss the Complaint pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 22.) Defendants make

2

four arguments in favor of dismissal. The Court will address each in turn. Defendants' motion will be granted in part and denied in part.

## II. STATUTE OF LIMITATIONS

Defendants contend that Plaintiff's Complaint is untimely. (*Id.* at 8–9.) A consumer must file their FCRA action within the earlier of "(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. Defendants contend that Plaintiff must have been aware of the alleged § 1681e violations by at least June 28, 2021 because she states in her Complaint that she notified Defendants of the alleged inaccuracies on that date. (ECF No. 22 at 9.) Therefore, her July 24, 2023 Complaint—filed more than two years later—is untimely. (*Id.*) This is correct, and alleged violations of § 1681e discovered prior to July 24, 2021 are time-barred.

However, Plaintiff does not only allege violations of § 1681e; she also alleges violations of § 1681i. (ECF No. 1 ¶ 21.) That provision requires certain procedures when a consumer disputes the accuracy of information in their file. 15 U.S.C. § 1681i(a)(1)(A). As relevant, if a consumer notifies a consumer reporting agency about an inaccuracy in their file, the agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer." *Id.* Plaintiff alleges that she notified the Defendants "that she disputed the accuracy" of certain information on her credit report "on or about June 28, 2021." (ECF No. 1 ¶ 18.) She further alleges that the Defendants failed to "conduct a reasonable investigation since they failed to delete or correct the disputed tradelines

3

within 30 days of receiving Plaintiff's dispute letter." (*Id.* ¶ 21.) Because the Defendants had 30 days to act on Plaintiff's letter, and the Plaintiff notified the Defendants of the dispute on or about June 28, 2021, the violation of § 1681i did not occur until *after* Defendants failed to take action during the 30-day period provided in 15 U.S.C. § 1681i(a)(1)(A). Accordingly, Plaintiff's § 1681i claim did not exist until July 28, 2021, at the earliest. *See Alston v. Branch Banking & Tr. Co.*, GJH-15-3100, 2016 WL 4521651, at *10 (D. Md. Aug. 26, 2016) (dismissing a § 1681i claim because the plaintiff filed it before the thirty days given to the defendants to complete their reinvestigation had expired). So, under § 1681p, Plaintiff had until at least July 28, 2023 to file her Complaint. Because she filed the Complaint on July 24, 2023, her § 1681i claims are timely.

## III. STANDING

Defendants next argue that Plaintiff "has not alleged a concrete injury . . . and lacks standing under Article III." (ECF No. 22 at 8.) Plaintiffs seeking relief in federal court must demonstrate that they have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The "injury in fact" must be "concrete and particularized." *Id.* at 339. To be determine whether an injury is sufficiently concrete, courts assess "whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts" and "afford due respect to Congress's decision to impose a statutory prohibition or obligation on a defendant, and to grant a plaintiff a cause of action to sue." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424– 425 (2021) (quotation omitted). Defendants argue that Plaintiff has not alleged a sufficiently concrete injury, but no do not challenge any other aspect of standing. (ECF No. 22.)

While Plaintiff will need to proffer further details to succeed on her claim, she has alleged

a sufficiently concrete injury in fact. The Supreme Court addressed standing for FCRA plaintiffs in *TransUnion LLC v. Ramirez*. The Court held that providing third parties with false and negative information on a credit report creates a sufficiently concrete harm. *Ramirez*, 594 U.S. at 432. Plaintiff alleges that the Defendants "have been reporting this inaccurate [information] through the issuance of false and inaccurate credit information and consumer reports that is [sic] disseminated to various persons and credit grantors, both known and unknown." (ECF No. 1 ¶ 17.) She further alleges that as a result she has suffered "a loss of credit, loss of ability to purchase and benefit from credit, a negative effect on applications for future credit, and mental and emotional pain, anguish, humiliation and embarrassment of credit denial." (*Id.* ¶ 23.) Accordingly, Plaintiff has standing to proceed. *See Evans v. Am. Collection Enter.*, 624 F.Supp.3d 593, 600 (D. Md. 2022) ("Although alleged dissemination to a third party is enough to constitute a concrete injury, this can also be shown by pleading facts demonstrating other real-world consequences of the underlying FCRA violation.") (internal citation omitted).

## IV. FAILURE TO STATE A CLAIM

Defendants contend that Plaintiff's Complaint "is a model of conclusory pleading and warrants dismissal" under Rule 12(b)(6). (ECF No. 22 at 3.) To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be plausible, the complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If the complaint offers mere "labels and conclusions" and "naked assertions devoid of further factual enhancement" it will not suffice. *Id.* (quotations and citations omitted). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept

as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).

Plaintiff has stated a § 1681i claim upon which relief may be granted regarding the Credit First, C&F Finance, Credit Acceptance, and Point Breeze accounts.[1] To state a § 1681i claim, Plaintiff must allege "(1) that she disputed the accuracy of an item in her credit file; (2) the [credit reporting agency] failed to conduct a reasonable reinvestigation; and (3) that a reasonable reinvestigation by the [credit reporting agency] could have uncovered the inaccuracy." *Alston*, 2016 WL 4521651, at *10 (cleaned up) (quoting *Burke v. Experian Info. Sols. Inc.*, No. 1:10-cv-1064(AJT/TRJ), 2011 WL 1085874, at *3 (E.D. Va. Mar. 18, 2011)). Plaintiff alleges that she notified the Defendants of certain inaccuracies on her credit reports. (ECF No. 1 ¶ 18.) She alleges the Defendants "did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed account was inaccurate." (*Id.* ¶ 20.) The Court can infer that a complete lack of investigation is unreasonable. Plaintiff does not explicitly allege that the Defendants could have uncovered the inaccuracy. However, because Plaintiff alleges that she provided evidence and that the Defendants had notice of the disputed accounts, *id.* ¶ 20, 28, 48, 68, and because the Court will draw inferences in her favor, the Court can infer that inaccurate information could be uncovered with reasonable investigation. Accordingly, the Plaintiff has stated a § 1681i claim, if only barely.[2]

---

[1] Since the Court will dismiss the § 1681(e) claims on other grounds, the Court need not consider the sufficiency of allegations related to those claims.

[2] To be clear, this conclusion does not and is not intended to do away with any requirement that the purported inaccuracy must be one that the Defendants could have uncovered with a reasonable investigation. If the inaccuracies hinged on a dispute between the Plaintiff and a third party, as was the case in *Alston*, the Court would view the pleadings differently. *See Alston*, 2016 WL 4521651, at *10 ("[M]ultiple courts have explained that a [credit reporting agency] has no obligation to resolve legal disputes between a consumer and a creditor."). There is no suggestion that any third-party legal or factual dispute exists here that might have hindered Defendants' ability to investigate as required by § 1681i. Nor does the Plaintiff rely on the continued presence of inaccurate information *alone* to plead

Plaintiff has not, however, sufficiently alleged an inaccuracy regarding the Southwest Credit Systems and Receivable Management Systems accounts. For these accounts, Plaintiff alleges that the Defendants "failed to provide proof as the account verification or verify" the account, but does not allege what, if anything, was inaccurate regarding these accounts. (*See, e.g. Id.* ¶ 27.) This allegation does not provide the Court with sufficient information to infer, even under the standard for a motion to dismiss, that an inaccuracy was present, let alone the rest of what is necessary to plead a violation of § 1681i. *Alston,* 2016 WL 4521651, at *10. Accordingly, the Plaintiff's claims related to the Southwest Credit Systems and Receivable Management Systems accounts will be dismissed.[3]

## V.  SERVICE OF PROCESS

Defendants contend that Plaintiff's service of process was deficient and therefore that the Complaint should be dismissed pursuant to Rule 12(b)(5). (ECF No. 22 at 10.) Defendants acknowledge that they "received the Complaint via regular certified mail without the 'Restricted Delivery' designation." (ECF No. 22 at 11.) Defendants do not contend that the Plaintiff failed to effect service at the appropriate address or with the appropriate individual, nor have they

---

her § 1681i claim; she alleges that the Defendants failed to investigate her dispute entirely. So, in this circumstance, the Court can draw a favorable inference that if the accounts existed and did not have past-due balances (as the Plaintiff alleges) a reasonable investigation (as opposed to no investigation whatsoever) could have uncovered that information. *Cf. Denton v. JPMorgan Chase & Co.*, Civil No. 4:19cv114, 2020 WL 5909153, at *13 (E. D. Va. Oct. 6, 2020) (dismissing a § 1681i claim where the plaintiff's allegation contradicted the third prong and created an inference that the defendant "may not have been able to even uncover the inaccuracy"). The Court notes that merely requiring that an investigation "could have" uncovered the inaccuracy (as opposed to "would have") is a low bar and is intended to protect defendants from making legal determination or being held liable for information categorically beyond their reach—circumstances not present here.

[3] Defendants point out that Plaintiff's allegations are "strikingly similar" to pleadings brought in two cases in the United States District Court for the Middle District of Florida. (ECF No. 22 at 2.) Defendants do not, however, explain the legal significance of this observation. The Court notes that these two "strikingly similar" cases appear to have been brought against the exact same Defendants present here, yet the Defendants did not move to dismiss the "strikingly similar" Florida cases. Indeed, both Florida cases have been settled. *See Fieldman v. Trans Union, LLC*, Case No. 6:23-cv-00335-RBD-RMN, ECF No. 36 (M. D. Fla. June 7, 2023); *Fieldman v. Trans Union, LLC*, Case No. 6:23-cv-00246-CEM-EJK, ECF No. 36 (M. D. Fla. June 7, 2023). Defendants also take issue with the repetitive nature of the Plaintiff's allegations, but again fail to identify the legal significance of that criticism.

identified any way in which they were prejudiced by the manner of service. (*See generally* ECF No. 22.)

Service of process for corporations is governed by Rule 4(h) of the Federal Rules of Civil Procedure. Rule 4(h) permits service by any of the methods provided by Rule 4(e) (including by following state laws regarding service), or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." The Maryland Rules require service by mail to include a restricted delivery. Md. Rule 2-121(a)(3). The Plaintiff bears the burden of establishing valid service. *Maid to Perfection Glob., Inc. v. Ensor*, Civ. No. RDB-09-0958, 2010 WL 1254194, at *1 (D. Md. Mar. 29, 2010). Because there is actual notice of the suit, the Court will liberally construe Rule 4. *See O'Meara v. Waters*, 464 F.Supp.2d 474, 476 (D. Md. 2006); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys. Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

The Court does not excuse Plaintiff's failure to comply with the Maryland Rules regarding service. Such failure requires the Court to carefully consider the entire circumstance of the case before it to determine whether dismissal is appropriate. Here, the Court takes note that (1) the Defendants indisputably have actual notice of this lawsuit, (2) the Defendants have not identified any prejudice stemming from Plaintiff's method of service, and (3) the Defendants do not take issue with any aspect of service *except* the lack of restricted delivery. Given the specific circumstances at hand, and aware of the Fourth Circuit's admonition that "[w]hen there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process," *Armco*, 733 F.2d at 1089, the Court declines to invalidate service of process in this case. *See Ensor*, 2010 WL 1254194 (declining to invalidate service of process where the

plaintiff repeatedly attempted to serve process, including through registered mail, and the defendants had actual notice of the pending lawsuit); *see also Xerox Corp. v. Kidd Int'l Home Care, Inc.*, Civ. No. PX-21-1058, 2021 WL 4641558, at *2 (D. Md. Oct. 7, 2021) (declining to invalidate service when the defendant had actual notice of the suit and collecting cases reaching the same conclusion).

## VI.   CONCLUSION

For the foregoing reasons, Defendants' Joint Motion to Dismiss (ECF No. 22) will be granted in part and denied in part. A separate Order will issue.

DATED this 22 day of January, 2024.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge